# THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CR-17-101-R |
| | ) |
| HAROLD LEE HARBERT, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Doc. No. 68). The Court has examined the pro se motion pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States Courts and finds that Defendant is not entitled to relief and the motion should therefore be summarily dismissed.[1]

On July 31, 2017, Defendant pled guilty pursuant to plea agreement to single count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The Court sentenced Defendant to a term of imprisonment of 188 months after finding that his prior convictions established he was a career offender under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1). The ACCA imposes a 15–year mandatory-minimum sentence on any § 922(g) offender who has been convicted of at least three qualifying predicate convictions.

---

[1] Because Defendant is pro se, the Court liberally construes his pleadings but does not act as his advocate. *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("Finally, because Pinson appears pro se, we must construe his arguments liberally; this rule of liberal construction stops, however, at the point at which we begin to serve as his advocate.").

*See* 18 U.S.C. § 924(e)(1). Defendant waived his right to appeal all but the career criminal sentencing enhancement, an opportunity he embraced by filing an appeal to the Tenth Circuit. On direct appeal Defendant argued that this Court's determination that his prior conviction under Oklahoma law for first-degree robbery qualified as a "violent felony" under the ACCA was erroneous.[2] The Tenth Circuit reviewed whether the conviction was a "violent felony" for purposes of the elements clause of § 924(e)(2)(B)(i) and affirmed this Court's sentencing determination that the conviction so qualified.

> The instant petition raises a single issue succinctly stated as follows:
>
> I feel that because of the vagueness of the language in the armed career criminal act that I should not have been enhanced. Like the Johnson case. Also the Davis case on how robbery is not a crime of violence. My lawyer did not explain this to me.

Doc. No. 68, p 3. In response to whether he raised the issue on direct appeal, Defendant checked both the "yes" and "no" boxes but indicated he did not raise the issue because the *Davis* case was ongoing. *Id.* Defendant seeks removal of sixty months from his sentence.

The Court finds that Defendant's motion must be denied because it lacks merit. In *United States v. Johnson*, 576 U.S. 591, 606, 135 S.Ct. 2551, 2563 (2015), the Supreme Court invalidated the residual clause, part of § 924(e)(2)(B)(ii) of the Armed Career

---

[2] Defendant does not dispute that he had two prior felony convictions for serious drug offenses. Rather he challenged and continues to challenge the third conviction upon which the Court relied, his conviction for first degree robbery. A crime can qualify as an ACCA predicate if it is under the Act, a "violent felony"—that is, "any crime punishable by imprisonment for a term exceeding one year" that
> "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> "(ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." § 924(e)(2)(B).

Clause (i) is often called the "elements clause." The Supreme Court in *Johnson* invalidated the italicized portion of § 924(e)(2)(B)(ii) as unconstitutionally vague.

Criminal Act. The *Johnson* Court did not hold that the "elements clause", 924(e)(2)(B)(i), which was used to enhance Defendant's sentence was unconstitutionally vague.

To the extent Defendant intended to rely on *United States v. Davis*, 588 U.S. --- , 139 S.Ct. 2319 (2019), his claim also fails.[3] In *Davis*, the Supreme Court invalidated as vague the residual clause of 18 U.S.C. § 924(c)(3)(B). This finding does not implicate Defendant's sentence, because he was not sentenced under the residual clause of § 924(c)(3)(B), but rather the elements clause.

To the extent the motion can be construed as asserting an ineffective assistance of counsel claim, the claim would fail. To prevail on an ineffective assistance of counsel claim, Defendant must demonstrate that his defense counsel performed deficiently and that the performance prejudiced the petitioner. *Strickland v. Washington* 466 U.S. 668 (1984). Counsel does not provide ineffective assistance in failing to raise on direct appeal an issue that lacks merit. Additionally, any ineffective assistance of counsel claim is not sufficiently briefed, and conclusory allegations are insufficient to support an ineffective assistance of counsel claim. See *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994).

Rule 11 of the Rules Governing Section 2255 Proceedings requires the Court to grant or deny a certificate of appealability when making a ruling adverse to the petitioner. A court may grant a certificate of appealability only "if the applicant has made a substantial

---

[3] Defendant cited to *Davis*, without further reference in his motion, other than to indicate it addressed a robbery claim. In a September 8, 2020 letter to the Court Defendant cited *United States v. Davis*, 875 F.3d 592 (11th Cir 2017), in asserting that his Oklahoma robbery conviction should not have been used to enhance his sentence. *Davis*, from the United States Court of Appeals for the Eleventh Circuit, did not address whether an Oklahoma first-degree robbery conviction was a violent felony under the elements clause of the ACCA. Rather, *Davis* considered whether first degree sexual assault under Alabama law was a violent felony for purposes of the elements clause of the ACCA. *Davis* has no bearing on Defendant's sentence and the Court presumes Defendant intended to rely on the Supreme Court *Davis* case from 2019.

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this burden if "'reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Saiz v Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v Dretke*, 524 U.S. 274, 282 (2004)). For the reasons explained above, Petitioner has not made a substantial showing of the denial of a constitutional right. Therefore, the Court denies a certificate of appealability.

Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings, the motion filed herein is summarily dismissed because it plainly appears that Defendant is not entitled to relief.

IT IS SO ORDERED this 16th day of December 2020.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE